UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY F. WASHINGTON,

    Plaintiff,

v.                                                                    Case No. 3:21cv603-LC-HTC

MEDICAL STAFF INC., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's amended complaint (ECF Doc. 9),[1] which has been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.2(C). Upon review, the undersigned recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history. Namely, Plaintiff failed to disclose a federal action related to the conditions of Plaintiff's confinement.

---

[1] This case was transferred to this Court from the Middle District of Florida. ECF Doc. 3. Because Plaintiff's initial complaint was not on this Court's forms, the Court directed Plaintiff to file an amended complaint. ECF Doc. 6.

## I.      BACKGROUND

Plaintiff Gregory F. Washington, an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Apalachee Correctional Institution West, brings this lawsuit under 42 U.S.C. § 1983 against Defendants Sgt. Cox, "Medical Staff, Inc.," "Officer X," and "Nurse X,"[2] based on events occurring at Century Correctional Institution ("Century C.I.") in May 2018. ECF Doc. 9 at 1–5.

The crux of Plaintiff's complaint is that "Officer X" failed to protect him from attack by unknown inmates, and then Nurse X, after cleaning his "superficial" wounds, failed to refer him to a doctor for more treatment. *Id*. at 6–8. Although Plaintiff names Sgt. Cox in the "parties" section of the amended complaint, his only factual allegation as to Cox is that Cox escorted him to medical after the assault. *Id*. at 7. Plaintiff also alleges Cox and other supervisors were deliberately indifferent by hiring Officer X. As relief, Plaintiff seeks $5,000,000, punitive damages, and that the Defendants be reprimanded.

---

[2] Plaintiff states that "Medical Staff, Inc.," "Nurse X," and "Officer X" are used in the amended complaint as John Doe placeholders for unknown Defendants. ECF Doc. 9 at 5. However, it is unclear who exactly Plaintiff intends to sue, as the case style includes Medical Staff, Inc., Nurse X, and Officer X, but the "Parties to this Complaint" section includes Officer X, Medical Staff, Inc. (with "Nurse X" listed as the official position), and "Sgt. Cox / FDC." For the purposes of this report and recommendation, the undersigned assumes Plaintiff intends to sue four (4) separate parties.

Case No. 3:21cv603-LC-HTC

## II. STANDARD OF REVIEW

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## III. DISCUSSION

At the end of the amended complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 9 at 14. Despite that

declaration, Plaintiff made a false representation in the amended complaint by omitting a federal action that he previously filed.

Section VIII of Plaintiff's amended complaint, titled "Prior Litigation," specifically asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the *conditions of your confinement*?" *Id.* at 13 (emphasis added). For this question, Plaintiff checked "No" and wrote "N/A" throughout the remainder of the section without disclosing any other prior lawsuits.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned notes that Plaintiff appears to have filed but did not disclose one (1) federal case that should have been disclosed, *Washington v. Moots, et al.*, 3:20-cv-01400-HES-JBT (M.D. Fla.), which is currently pending and which Plaintiff initiated only six (6) months prior to submitting his amended complaint in this case. The undersigned confirmed that this Middle District case bears Plaintiff's name and DC number (998455).

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required.  The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**"  ECF Doc. 9 at 14.  Nonetheless, Plaintiff failed to disclose a recently filed federal case.  If Plaintiff suffered no penalty for this lack of disclosure, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The Court should not allow Plaintiff's incomplete response to go unpunished.  As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose."  *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file on this matter.

Done at Pensacola this 28th day of July, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.